United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Criminal Case No. 16-20575-Scola |
| | ) |
| Ceneiber Quinones, Defendant. | ) |

### Order Denying Motion for Compassionate Release

Before the Court is Defendant Ceneiber Quinones's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the Court **denies** the Defendant's motion (**ECF No. 531**).

Quinones pleaded guilty to one count of conspiracy to distribute more than five kilograms of cocaine, knowing that it would be unlawfully imported in the United States. Based on the over 1000 kilograms of cocaine attributable to Quinones, in combination with his safety valve eligibility, his guidelines range was 135 to 168 months of incarceration. The Court sentenced Quinones well below this range, to 120 months. Additionally, based on a Rule 35 motion, Quinones's sentence was further reduced, to 67 months, as a result of Quinones's substantial assistance, including his testimony at a co-defendant's trial. Although Quinones is set to be released on August 2, 2021, he was sentenced well below the bottom end of his guidelines. While the Government does not dispute that Quinones exhausted his administrative remedies, the Court does not agree that release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is appropriate in this case for the following reasons.

First, Quinones did not meet his burden of showing "extraordinary and compelling reasons" support his release. If an inmate has a chronic medical condition that has been identified by the CDC as elevating an inmate's risk of becoming seriously ill from COVID-19, that condition may constitute "extraordinary and compelling reasons," especially for inmates over the age of 65.[1] Quinones is thirty-four years old, being treated for hypertension, with high blood pressure. As the Government points out, Quinones's condition is not so serious that he cannot care for himself while incarcerated. (Govt's Resp. at 11.) In fact, the seriousness of Quinones's condition is undermined by Quinones's decision not to take his medication for more than six months while in custody.

---

[1] Center for Disease Control and Prevention, *Coronavirus Disease: People who are at higher risk for severe illness*, updated April 15, 2020 at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (people over the age of 65 and those with certain chronic conditions are at a high-risk of severe illness from COVID-19).

(*Id.*) Quinones is otherwise healthy and his medical records show that the Bureau of Prisons has provided him medication to treat his condition while he is in custody. Moreover, he is just over half the age of inmates whom the CDC has identified as being at a particularly high risk of severe illness from COVID-19. Accordingly, the Defendant cannot show that extraordinary and compelling reasons support his release and, because he is only thirty-four-years old, his risk of catching a severe case is diminished. *Cf. United States v. Oreste*, Case No. 14-cr-20349 (S.D. Fla. Apr. 6, 2020) (Scola, J.) (granting compassionate release for a defendant with end-stage renal failure, heart failure, diabetes, and a history of respiratory illnesses after he completed 60% of his sentence).

Second, even if Quinones had shown extraordinary and compelling reasons in favor of his release, he did not demonstrate that he would not pose a danger to the community and that the 3553 factors weigh in favor of his release. Under the relevant Sentencing Guidelines Policy Statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." § 1B1.13. The Court must also find that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* at policy stmt. The Defendant is serving a sentence for his role in a drug conspiracy involving over 1000 kilograms of cocaine. Moreover, Quinones assaulted another inmate while serving his sentence. Granting his release now would not promote respect for the law, provide just punishment for the offense, or afford adequate deterrence, particularly in light of the substantial downward variance he received. Releasing Quinones now is not consistent with promoting respect for the law or the 3553 factors.

Accordingly, the Court **denies** Quinones's motion for compassionate release (**ECF No. 531**).

**Done and ordered** at Miami, Florida, on September 15, 2020.

_____
Robert N. Scola, Jr.
United States District Judge